INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
S.. D. GOSWICK.

#### No. 1418.   Decided March 13, 1905.

**1.—Cross-Examination.**

It was not error to refuse to permit a cross-examination testing the correctness of the answer given by the witness to a previous question, also on cross-examination and upon irrelevant matters, as where plantiff in an action for injuries to the person, having been questioned as to the value of his property, was further asked at what amount he had rendered it for taxation.   (P. 479.)

**2.—Evidence—Opinion of Expert.**

The opinion of an expert on facts stated to him can be invoked only on the hypothesis that the facts were correctly stated.   He can not be asked for his opinion as to the permanency of injuries based in part on the statements by the injured party and upon a consideration of the fact that such party had a suit pending for the recovery of damages, since his opinion as to the effect of such interest on credibility was inadmissible.   (Pp. 479, 480.)

**3.—Supreme Court—Excessive Verdict.**

The question whether the amount of a verdict is excessive is one of fact which can not be reviewed by the Supreme Court.   (P. 480.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Wood County.

Goswick sued the railroad company and recovered judgment. Defendant appealed and on affirmance obtained writ of error from the Supreme Court.

*N. A. Stedman* and *Gould & Morris,* for appellant.—The court erred in refusing to permit the defendant, on cross-examination of plaintiff, to prove that he had rendered his property for taxes for much less than he valued it on the stand during the trial, because the question at issue then was the amount of property he had accumulated by his practice, which he claimed to be worth about $4000 a year, and defendant, in rebuttal of said testimony, undertook to show that he had accumulated only very little property, and that he had given it an exorbitant value on the stand, and as a circumstance to show its true value, defendant offered to prove that he did not render it for taxes for near as much as he claimed it was worth on the stand.   Boyer & Lucas v. St. Louis & S. F. Ry. Co., 97 Texas, 107; Jones v. Cummins, 17 Texas Civ. App., 661; Tuckwood v. Hawthorn, 67 Wis., 326.

The court erred in sustaining plaintiff's objection to defendant's cross-interrogatories to Drs. Jameson, Dupuy and Martin, upon the hypothetical question propounded by plaintiff as to the present condition of the plaintiff.   Said ruling was erroneous because plaintiff's counsel had propounded the question, hypothecated upon the condition that plaintiff had represented himself to be in, and defendant's counsel sought to elicit the opinion of said witnesses, who were practicing physicians, as to plaintiff's condition under the facts shown by the evidence outside

of plaintiff's testimony as to his condition, for the purpose of weakening plaintiff's testimony as to his condition, and for the purpose of showing that under the facts proven and the personal knowledge of these witnesses, there was very little the matter with plaintiff.

*Duncan & Lasseter,* for defendant in error.—The value of S. D. Goswick's property at the time of the trial was collateral and irrelevant to any issue in the case, both upon the pleading and the evidence introduced as shown by the statement of facts, and without logical or other connection with Goswick's earning capacity; and the District Court and the Court of Civil Appeals did not err in excluding the testimony as to its rendition for taxes. McLane v. Paschal, 74 Texas, 20; 11 Am. and Eng. Enc. of Law, 2 ed., 501, 502, 503, and cases cited; United States v. Ross, 92 U. S., 281; State v. Avery, 113 Mo., 475; Commonwealth v. Webster, 5 Cush. (Mass.), 311; First Nat. Bank of Xenia v. Stewart, 114 U. S., 224; Thompson v. Bowie, 4 Wall., 463.

The evidence of S. D. Goswick as to the value of his property having been elicited by defendant below and the same being collateral and immaterial to any issue in the case, the defendant was bound by his answer, and the evidence offered to be elicited from Goswick, that he gave in his property for taxation at a less value than he gave it on the witness stand, was properly excluded. 7 Am. and Eng. Enc. of Law, 1st ed., 57-58; 1 Greenl. on Ev., sec. 449; Gulf C. & S. F. Ry. Co. v. Johnson, 97 Texas, 260; Dimmitt v. Robins, 74 Texas, 445; Gulf C. & S. F. Ry. Co. v. Coon, 69 Texas, 735; Noel v. Denman, 76 Texas, 306; People v. McKeller, 53 Cal., 65; Lawrence v. Barker, 5 Wend., 305; Hart v. State, 15 Texas Crim. App., 233; Hill v. State, 18 Texas Crim. App., 673.

The evidence offered as to the value at which defendant in error had rendered his property for taxation "as a circumstance to show its true value" was too remote from the fact in issue as to Goswick's earning capacity, and the court properly excluded it, and the Court of Civil Appeals did not err in affirming the action of the District Court in that regard. Screwmen's B. Assn. v. Smith, 70 Texas, 175; Beauchamp v. Railway Co., 56 Texas, 242; 11 Am. and Eng. Enc. of Law, 501-2; United States v. Ross, 92 U. S., 281; Morrissey v. Ingham, 111 Mass., 63; Patrick v. State, 16 Neb., 331; Durkee v. Insurance Co., 159 Mass., 514; Baird v. Gillett, 47 N. Y., 186; Thompson v. Bowie, 4 Wall., 463; State v. Avery, 113 Mo., 475; Commonwealth v. Webster, 5 Cush. (Mass.), 311; First Nat. Bank v. Stewart, 114 U. S., 224; Missouri P. Ry. Co. v. Porter, 73 Texas, 304; Sabariego v. Maverick, 124 U. S., 284.

It was competent for the medical experts to give an opinion founded on the assumed facts touching Goswick's injuries as to their nature, extent and permanency, but it was not competent for them to found that opinion in whole or in part on their knowledge of the fact that Goswick "knew he had a lawsuit pending against the railroad company

for money and that the worse he made the statement the more money he will get" and that "under the circumstances it is dollars and cents to the plaintiff," and the court did not err in excluding the question. Lawson on Exp. and Op. Ev., 130, 151, 153; Elliott on Ev., secs. 1116-1118; Austin & N. W. Ry. Co. v. McElmurry, 33 S. W. Rep., 249; Armendiaz v. Stillman, 67 Texas, 462; Half v. Curtis, 68 Texas, 642; 12 Am. and Eng. Enc. of Law, 424.

GAINES, Chief Justice.—This suit was brought by the defendant in error against the plaintiff in error to recover damages for personal injuries and resulted in a judgment in his favor. That judgment was affirmed by the Court of Civil Appeals. The plaintiff was a passenger on one of defendant's trains and was injured as a result of a collision between that and another of the defendant's trains.

When we granted the writ of error we were under the impression that the plaintiff, in testifying to his earning capacity before his injuries, had sworn that he had accumulated certain property both real and personal, and that it was of a certain value; and that thereupon counsel for defendant asked him in substance at what value he had rendered this property for taxation. The court sustained an objection to the testimony and we thought this was error. But we find that we were mistaken as to the state of the record—a mistake induced by the opinion of the Court of Civil Appeals and by the application for the writ of error. It appears from the transcript that the testimony of the plaintiff as to his property and its value was not given upon his examination in chief, but was drawn out upon his cross-examination by the defendant. The testimony was merely as to the property he possessed at the time of the trial, and there was nothing to show when or how he acquired it. It seems to us, therefore, that this matter was wholly irrelevant to any issue in the case. It follows that an inquiry as to the value of the property as rendered for taxation was still more remote and equally irrelevant. We think the court did not err in excluding the testimony.

The second assignment of error in this court is as follows: "The trial court erred in excluding the testimony of Drs. Jameson, Dupuy and Martin, and the Court of Appeals erred in sustaining said action of the trial court, because the substance of the question to said doctors was what was their opinion on the permanency of plaintiff's injuries when considered amongst other things in connection with the declarations of the plaintiff, and the object was to know what reliance the doctors would put in his declarations in connection with their physical examination of him, when considered in the light of the fact that he had a case pending in court for damages for these very injuries. The trial court excluded said testimony because in the hypothetical question the fact was stated that plaintiff had a case pending in court, the court saying that if that was left out he would permit the doctors to answer.

Appellant excepted to said ruling of the court, because it contended that the motives which prompt a man who is afflicted to make declarations of his feelings ought to be known to the doctor whose opinion is desired." It is apparent from the face of the assignment, as we think, that the court did not err in refusing to permit the witness to answer the question. The fact that the physicians were asked to give an opinion, and in arriving at a conclusion to consider that the plaintiff was suing for the injuries under consideration, condemns the question. It was not for the witnesses, however expert, to weigh the circumstances and to pass upon the credibility of the plaintiff. This duty was within the province of the jury. The proper method of examining an expert witness upon a hypothetical case is to ask his opinion as to the conclusion to be adduced from certain facts which there is some testimony to establish, upon the theory that the facts stated are true. If the facts should be found by the jury to be true, then the opinion of the expert is to be weighed by the jury in connection with the other testimony in the case bearing upon the point. If the supposed facts are found not to be true, then the opinion of the witness is valueless and goes for naught. The truth or falsity of the facts hypothetically stated in the interrogatory is never a matter to be considered by the expert whose opinion upon the case so stated is sought to be elicited.

The last assignment in the application for the writ of error is that the verdict is excessive. This is purely a question of fact, upon which the determination of the Court of Civil Appeals is conclusive.

Finding no error in the proceedings as pointed out by the assignments, the judgment of the District Court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*