DALEY v. WHITACRE et al.    (No. 8938.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 14, 1918.)

1. WILLS ☞324(2)—WANT OF MENTAL CAPACITY—EVIDENCE.

Evidence relied upon by contestant *held* insufficient to raise issue for jury as to testatrix's want of capacity to make will in question.

2. WILLS ☞324(3)—UNDUE INFLUENCE—EVIDENCE.

Evidence relied upon by contestant *held* insufficient to raise issue for jury as to undue influence.

3. EVIDENCE ☞472(8), 478(1), 501(3)—OPINION EVIDENCE—ADMISSIBILITY.

While a nonexpert witness may, in connection with facts and circumstances upon which her opinion is based, give an opinion as to mental condition, she cannot testify to a legal conclusion from facts given either by herself or by others, which embodies the very point in issue.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Contest of application to probate will of Mrs. Mary Ella Cowan by J. S. Daley against John S. Whitacre and others. Verdict in favor of proponents, and contestant appeals. Judgment affirmed.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellant.

Martin, Bullington, Boone & Humphrey, of Wichita Falls, for appellees.

CONNER, C. J. Appellant, John S. Daley, contested the application to probate the will of Mrs. Mary Ella Cowan, dated January 30, 1917, on the ground, substantially, that the testatrix was not of sound and disposing memory at the time the will was executed, and that the will was executed on account of undue influence of the executors and legatees.

Upon the trial in the district court, and after the conclusion of the evidence offered by the parties, the court gave to the jury a peremptory instruction to find for the proponents of the will, and judgment was accordingly rendered in their favor.

The only complaint made upon this appeal is that the court erred in giving the peremptory instruction—

"in that the testimony introduced on the trial of said cause was sufficient to present issues to the jury for their decision, and as this case was tried before a jury this court had no authority to direct a verdict against the contestant and in favor of the proponents of the will."

We will not undertake to fully set out the testimony which is presented to us in the statement of facts. We think it sufficient to say that the evidence has been carefully examined, and we think that offered in behalf of appellee unmistakably shows that Mrs. Cowan was mentally capable of understanding, and that she did understand, the terms of the will in question, and that it disposes of her property in accordance with her wishes. The testimony of her attending physician, of the lawyer who was employed to draft the will, and of others, also shows that there was nothing in the manner of the distribution of the property made indicating anything other than a sane and permissible exercise of her will. The only testimony relied upon as showing the contrary is thus stated by appellant, viz.:

"Mrs. Dyke testified on behalf of the contestant: That she was acquainted with Mrs. Cowan during her lifetime, and knew her about a month before her death, and lived for a month in a

room that adjoined Mrs. Cowan's room, with just a board partition between them. That she was there during the time Mrs. Cowan was sick, and she said: 'I heard Mr. Livingstone in the room where Mrs. Cowan was, talking to her, and I think Mr. Cowan was in the room during the conversation.' That she could not get enough to know what they were talking about. 'I was there the night the will was drawn up. I cannot tell just how long they were in there. I could hear their voices, but I could hear the men's voices mostly. I could hear Mrs. Cowan once or twice. Yes; a party came to my room after a pen after the will was drawn up. It was the man I took for Mr. Livingstone. During the time I was there Mr. Livingstone was in and out quite often. I could hear them talking, but could not tell what they were talking about. I had occasion to notice Mrs. Cowan pretty carefully. I noticed she would tell me certain things over quite a number of times. She seemed to be very forgetful. Well, to be candid, I do not think she was capable of making a will; that is my opinion about it.' "

[1, 2] The testimony so relied upon in our judgment fails to even raise the issue of undue influence or want of capacity in Mrs. Cowan to make the will in question. In so far as it can be given legal effect, it amounts to no more than that Mrs. Cowan, at a time or times not shown, was very forgetful. The testimony of the physician, however, who was present when the will was made, was that—

"She [Mrs. Cowan] seemed to know what she was doing up to perhaps the last two or three days before her death. She seemed perfectly rational—attended to and talked about her business. * * * When we first went into her room [on the occasion of the execution of the will] we first talked health, etc., and passed a few words. Then Mr. Boone spoke to Mrs. Cowan, and told her that he had been requested to write her will, and she told Mr. Boone that she wanted to make a will."

Then followed details relating to her property—a discussion of the manner of the disposition and to whom the property should be given. The witness then further stated that he read the will over to Mrs. Cowan and testified:

"Knowing her as I do for two or three years previous to this time, in my judgment she was of sound and disposing mind, and knew perfectly what she was doing. She was not excited. She seemed perfectly at herself. No, sir; she did not act as though she was afraid of any one at all—not even death. She knew that she was going to die."

Mr. Boone, who drafted the will, also testified to the circumstances, and of the condition of Mrs. Cowan at the time of the execution of the will, and concluded that in his opinion that at the time Mrs. Cowan was thoroughly rational, and knew what she was doing, and knew how she was transferring her property, and was not under any undue influence whatever.

[3] The statement embodied in the testimony of Mrs. Dyke that, "to be candid, I do not think she was capable of making a will; that is my opinion about it"—is of no legal force, in our judgment, in disposing of the question presented to us. It is but a legal conclusion, and one, too, which embodied the very point at issue. While a witness, nonexpert though she may be, may, in connection with the facts and circumstances upon which her opinion is based, give an opinion as to the mental condition, when in issue, of a person at a given time, the rule as applied in this state cannot be so extended as to permit the witness to testify to a legal conclusion from facts given either by himself or testified to by others. The very point at issue in this case was the capacity of Mrs. Cowan to make a will. That question could be legally determined by the court and jury alone, upon a consideration of all the evidence in the case, including the opinion of witnesses, if any, as to the mental condition of Mrs. Cowan at the time of the execution of the will. See an apt discussion and review of authorities on this question by our Supreme Court in the case of Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64, and also H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808.

We conclude that the judgment should be affirmed.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes