BARSTOW TOWN CO. et al. v. CARR et ux. (No. 1248.)

(Court of Civil Appeals of Texas. El Paso. Oct. 27, 1921.)

1. Evidence ⬤⟲10(2)—Judicial notice of town's location in arid district.

That Barstow is located in an arid district, where irrigation is necessary, is a fact of which the court takes judicial notice.

2. Action ⬤⟲50(10)—Joinder of company and individual in suit to restrain interference with irrigation ditch held proper.

There was no misjoinder of parties and causes in a suit by a company and an individual to enjoin defendants from interfering with plaintiffs' right to keep an irrigation ditch clear; the individual claiming a water right through a contract with said company, and both claiming the right to maintain and use the ditch by limitation.

3. Nuisance ⬤⟲30—Irrigation ditch users necessary parties to cross-action to abate it.

In a cross-action to abate an irrigation ditch as a nuisance, all parties using and claiming a right to the ditch are necessary parties.

4. Evidence ⬤⟲472(9)—Testimony that ditch constitutes a nuisance inadmissible as conclusion.

Admission of testimony that a ditch in front of C.'s home constituted a nuisance was error, as invading the province of both court and jury, as the jury finds the facts and court decides whether they constitute a nuisance.

5. Nuisance ⬤⟲37—Issue as to removal of irrigation ditch complained of as nuisance held immaterial.

In a suit to enjoin defendants from interfering with plaintiffs' irrigation ditch in front

of defendants' home, with a cross-action to abate the ditch as a nuisance, an issue as to whether water could otherwise be conveyed to plaintiffs' land was immaterial, where another distributing ditch, if built, would run in front of a third person's home and transfer the inconvenience to him.

**6. Nuisance ☞33—Evidence as to size of other irrigation ditch held inadmissible.**

In a suit to restrain defendants from interfering with plaintiffs' right to keep an irrigation ditch in front of defendants' home clear and unobstructed, with cross-action for abatement of the ditch as a nuisance, evidence that other ditches were maintained as large as defendants' was properly excluded.

**7. Nuisance ☞33—Evidence held to show irrigation ditch constituted a nuisance.**

In a suit to restrain defendants from interfering with plaintiffs in keeping an irrigation ditch in front of defendants' home clear and unobstructed, with cross-action for abatement of the ditch as a nuisance, evidence *held* sufficient to show that the irrigation ditch, as maintained, constituted a nuisance.

**8. Nuisance ☞25(1)—Increase in property value no justification.**

In a suit to restrain defendants from interfering with plaintiffs in keeping an irrigation ditch in front of defendants' home clear and unobstructed, with cross-action to abate the ditch as a nuisance, it is immaterial that defendants' property had increased in value since they bought it.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Suit by the Barstow Town Company and others against S. R. Carr and wife. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Garrard, Russell & Fannin, of Midland, and Jno. B. Howard, of Pecos, for appellants. Hudson & Starley, of Pecos, for appellees.

HIGGINS, J. The Barstow Town Company, a corporation, Geo. E. Barstow and wife brought this suit against S. R. Carr and wife to enjoin them from interfering with plaintiffs in the right to keep clear and unobstructed an irrigation ditch running in front of the Carr home, in the town of Barstow, and from interfering with the use of said ditch to carry water for irrigation purposes to lands owned by plaintiffs.

By exception and plea in abatement defendants urged that there was a misjoinder of parties plaintiffs and causes of action. By cross-action it was set up that the ditch constituted a nuisance and abatement thereof was sought. The plea of misjoinder was sustained, whereupon Geo. E. Barstow and wife were dismissed from the suit and the cause proceeded to trial as between the town company and the Carrs. The case was submitted upon special issues, and the jury found: First, that the ditch in question was a nuisance; second, that it was practical for plaintiff to irrigate the property in question by means other than said ditch. Judgment was rendered declaring the ditch to be a nuisance; it was ordered abated and plaintiff, its agents, and representatives were enjoined from interfering with S. R. Carr in abating and obliterating the ditch.

[1] Barstow is in an irrigated section. The town has irrigation ditches running through it and the surrounding lands are irrigated. In the town the inhabitants irrigate their yards and gardens. It is a fact of which this court may well take judicial notice that it is situate in a section where irrigation is absolutely necessary for agricultural purposes and for the proper growth of flowers, trees, and vegetables. The water for irrigation is obtained from the Pecos river and delivered by gravity through the main canals and laterals of the Ward county irrigation district No. 1. The distributing ditches from the main canals and laterals are not maintained by the irrigation district but by the owners of the land served thereby. The ditch in question leads from lateral No. 3 to the home of Barstow and wife, in the town of Barstow, and thence to some town lots owned and farmed by the Barstow Town Company. The ditch is situate in the street in front of Carr's property, where he lived with his wife and two children. Barstow was an officer of the town company. The ditch in question supplied the water for irrigating the yard and garden of Barstow and the adjacent lands farmed by the town company. Irrigation ditches fill up with silt, weeds, and other obstructions, and it is necessary to keep same clean. Some time prior to the institution of the suit Barstow sent some men to clean the ditch, and they were stopped by Carr. Whether Barstow was undertaking to act in his individual capacity or as an officer of the company in cleaning the ditch is not clear, but the capacity in which he acted was immaterial. The action of Carr in stopping the work resulted in the institution of the suit. Additional facts will be indicated in the course of the opinion.

[2, 3] Error is assigned to the action of the court in sustaining the exception and plea in abatement. Appellee contends that the ruling was correct because—

"Petition discloses that the right to maintain the ditch by Barstow Town Company is based upon a contract between the Marguerite Company and said Barstow Town Company and ownership of the ditch by said company, while Geo. E. Barstow and wife claim such right by limitations of three, five, and ten years.

"Again, the town company asserts right, under said contract, to maintain the ditch for the purpose of irrigating farm lands, while the other plaintiffs claim the right to irrigate the yard and garden constituting their homestead."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

And "where petition discloses that part of plaintiffs rely upon one right as a basis of their action and the other plaintiffs rely upon another and different right, there is a misjoinder of parties and causes of action."

It is immaterial that the town company is seeking to maintain the ditch to irrigate farming land and the Barstows to irrigate the yard and garden of their home. And we do not concur in the appellees' interpretation of the petition. The petition alleges that the Marguerite Company, the predecessor in title of the irrigation district, contracted to deliver to the Barstow Town Company and its assigns water for irrigation, the delivery to be made at the canals of the Marguerite Company; that in 1904 the town company built the ditch from the canals of the irrigation company to the plaintiffs' land; and that Barstow and wife acquired their premises from the town company subject to the contract with the Marguerite Company and with the rights thereunder. As to limitation, an inspection of the petition shows that the town company and the Barstows were both claiming the right to maintain and use the ditch by limitation. In our opinion the Barstows properly joined in the suit as plaintiffs, because they and the town company were claiming a common right to maintain and use the ditch, and therefore had the right to join in a suit to protect their asserted right. And to the cross-action set up by the defendants Barstow and wife were necessary defendants. They were using the ditch sought to be abated under a claim of right. They were directly interested in the subject-matter of the cross-action, for a decree abating the ditch as a nuisance would directly affect their rights by depriving them of the use of the same. The effect of the decree rendered is to deprive them of such use without a hearing, and this necessitates a reversal. Biggs v. Miller, 147 S. W. 632; Matagorda Canal Co. v. Irrigation Co., 154 S. W. 1176; Orndorff v. McKee, 188 S. W. 432; Barlow v. Linss, 180 S. W. 652; State v. Goodnight, 70 Tex. 682, at 689, 11 S. W. 119.

In this connection it is suggested in appellants' brief that there are others whose lands are served with water from this ditch. If so, they are necessary parties defendant to the suit to abate the same.

[4] Error is assigned to rulings upon evidence. The following are the questions to and answers of Carr:

"Q. State whether or not, as constructed and maintained, that ditch is a nuisance and menace. A. As constructed and maintained, that ditch is a menace and damage to my property.

"Q. As constructed and used by Mr. Barstow in the irrigation of block No. 28, is that ditch a nuisance and menace to you? A. Yes, sir; it surely is a nuisance and menace to me."

R. B. Thurston was asked:

"What is it that makes the water back up and makes that ditch a nuisance?"

His answer was:

"The thing that makes the water back up and makes that ditch a nuisance," etc.

This testimony was objected as an opinion and conclusion. What facts constitute a nuisance is a question of law. The jury determines the existence of the facts and the court decides whether they constitute a nuisance. The ultimate question in this case of whether the ditch in front of Carr's property was a nuisance was a mixed one of law and fact. The testimony that it was a nuisance was upon the ultimate issue in the case, and invaded the province of both the court and the jury. Its admission was error. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808; Boyd v. Schreiner, 116 S. W. 105; Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64; Daley v. Whitacre, 207 S. W. 350; Railroad Co. v. Goswick, 98 Tex. 477, 85 S. W. 785.

In certain instances the opinion of a qualified witness upon the question to be decided by the jury is admissible. There are also cases where the question is not one of skill or science in which witnesses are permitted to express their opinions. Moore v. Coleman, 195 S. W. 212. But this testimony does not fall within any of the recognized exceptions.

In many cases also, where the witnesses had testified fully to the facts upon which his conclusion was based, it has been held that the error in admitting the testimony did not necessitate a reversal. But it is not always held to be harmless. See Graves v. Campbell, 74 Tex. 576, 12 S. W. 238. Since the case must be reversed on other grounds, we need not pass upon the materiality of the error in admitting the testimony, but in view of retrial simply indicate the view that it was improperly admitted.

[5] The sixth assignment complains of the submission of the issue of whether it was practical for the plaintiff to irrigate his property by means other than the ditch in question. The only suggested manner by which water could be otherwise conveyed to the land is by building another distributing ditch, which would be much longer and would run in front of property of Mr. Moore. To build such a ditch would simply transfer to Moore, and perhaps others in the town, the inconvenience and annoyance of having an irrigation ditch adjacent to their property. The ditch has been in front of Carr's property for several years, and was there when he acquired it. There is no reason why it should be removed for his benefit and the inconvenience and annoyance incident to its operation imposed upon others. Ry. Co. v. De Groff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749. For the reason the issue indicated was immaterial.

The exception, the overruling of which is the basis of the tenth assignment, was properly overruled. Ry. Co. v. Davis, 29 S. W. 483.

[6] There was no error in excluding the testimony complained of in the fourth assignment. The fact that other ditches are maintained in Barstow as large as the one in front of Carr's property affords no reason why the one complained of by Carr should be improperly maintained and in such manner as to be a nuisance.

[7, 8] There are a number of assignments which question the sufficiency of the evidence to support the verdict and judgment, all of which are regarded as without merit. There is evidence to show that the ditch had widened so as to occupy the sidewalk space in front of the Carr property, and was about 20 feet wide in places; that it has overflowed and flooded Carr's property several times. These facts alone are sufficient to support a finding that the ditch, as it was maintained, constituted a nuisance. The record discloses that a distributing ditch might lawfully be maintained in the street, but it does not follow that it may be maintained without regard for Carr's right to enjoy and occupy his own premises. On the contrary, the ditch must be maintained with due regard for the right of Carr. The rights of each of the parties to this litigation must be exercised with due regard for the rights of the other. There is an abundance of evidence that this ditch has been maintained in such manner as to infringe in an unwarranted manner upon the use and enjoyment by Carr of his home and in such manner as to constitute a nuisance. If such be the case, it should be abated. No valid reason is suggested by this record why the ditch cannot be maintained in such a way as to reduce to a minimum the inconvenience and annoyance to Carr incident to its presence in front of his home. He has the right to insist that it be so maintained. The fact that Carr's property has increased in value since he bought it affords no reason why the plaintiff should be permitted to maintain a nuisance in front of it.

All assignments have been considered and are overruled, except those indicated.

Reversed and remanded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes