## UNITED STATES v. PORTION OF WEST RESERVOIR IN HARRIS COUNTY, TEX., et al.

### Civil Action No. 1059.

District Court, S. D. Texas, Houston Division.

Sept. 29, 1944.

Brian S. Odem, U. S. Atty., and Scott W. Key, Sp. Asst. U. S. Atty., both of Houston, Tex., and Nathaniel J. Harben, Sp. Asst. to Atty. Gen., for plaintiff.

Vinson, Elkins, Weems & Francis, of Houston, Tex. (Thomas Fletcher and Fred R. Switzer, both of Houston, Tex., of counsel), for defendant United Gas Pipe Line Co.

KENNERLY, District Judge.

This is a suit by the United States of America to take for the public use, and to be made a part of the West Reservoir of the Harris County War Industries Water Supply System, certain lands in this District and Division, which lands include what is conveniently referred to as Tracts WR–8, WR–9, WR–11, WR–12, WR–14, WR–15, WR–16, and WR–17, and this is a hearing on the Government's Motion to Strike the Answer and Intervention and Amended Answer and Intervention, respecting the named tracts, filed herein by the United Gas Pipe Line Company, for brevity called Pipe Line Company.

The Record shows that:

(a) This suit was filed July 1, 1943, but the named Tracts were not then included in the suit. Thereupon on July 1, 1943, an Order was entered, placing the Government in immediate possession of the lands which were then included in the suit.

(b) On August 30, 1943, the Government filed First Amended Original Petition, describing land which did include the named Tracts and seeking to take the *full fee simple title* thereto for such public use. The Pipe Line Company was not named as a Defendant or Landowner in said First Amended Original Petition. On August 30, 1943, without Notice to Pipe Line Company, an Order of Possession was entered by this Court, giving the Government immediate possession of all and every part of the land described in such Amended Petition, including the named Tracts.

(c) Under such Order of August 30, 1943, the Government went into possession of all and every part of such land, including the named Tracts, and has been since and still

is in possession thereof. The Pipe Line Company was at the time of the filing of this suit and of said First Amended Original Petition, and has been since, the owner of a gas pipe line and appurtenances [1] for the transportation of natural gas on and through said named Tracts, and actively using same in the transportation of such gas and in supplying same to its customers. When the Government took possession of such named Tracts, it proceeded to make same a part of such Reservoir and to inundate same, and since that time the named Tracts and the Pipe Line Company's gas line thereon and equipment used in connection therewith have been and still are under water, so that the Pipe Line Company has been and still is deprived of the full use and possession thereof that it had prior to the time said property was inundated.

(d) Commissioners have been appointed to ascertain the value of the property taken, and Pipe Line Company has intervened here, the purpose of its Intervention being to have the value of its property or rights taken ascertained in accordance with the Law, and to recover and receive compensation therefor.

(e) Subsequent to the time the Government so took possession of the named Tracts under the Order of August 30, 1943, and inundated same, the Government has amended its pleadings herein, and secured Orders from the Judges of this Court, the effect of which Amendments and Orders is to eliminate such Pipe Line Company as a Defendant or Landowner in, and its rights in such property from, this proceeding, and making it a suit to take said named Tracts, but not Pipe Line Company's rights therein. These Amendments and Orders are shown by the Record, to which I refer.

1. It is perfectly plain that having, under this Court's Order of August 30, 1943, taken possession of said tracts of land, including all Pipe Line Company's rights therein, and having inundated same, the Government should not have been granted permission to amend its pleadings, eliminating the Pipe Line Company and its rights in such tracts from this case, without restoring the status quo of said property as it existed before such Order of August 30, 1943. Orders should not have been granted, permitting the amendment of pleadings, and amended pleadings should not have been filed until the inundated condition brought about by the Government under the authority of the Order of August 30, 1943, has been changed back to what it was before such Order. The process of this Court should not and cannot be used to take possession of Pipe Line Company's gas pipe line and inundate same and then dismiss Pipe Line Company and its rights in the tracts from the case, and deprive it of its right to compensation here, thus leaving it with a claim against the Government which, if it can prosecute at all, must be prosecuted elsewhere.

This is not at all a case of Pipe Line Company seeking to compel the Government, against its will, to condemn and pay compensation for Pipe Line Company's property. It is a case where the Government, in this Condemnation proceeding properly begun, has gotten possession of Pipe Line Company's property and has damaged it, and is continuing to damage it, yet seeks to eliminate Pipe Line Company and its property from the proceedings, without restoring the status quo. Courts do not look with favor on such an effort.

An Order will, therefore, enter:

(a) Overruling the Government's Motion to Strike Pipe Line Company's Intervention and Amended Intervention.

(b) Setting aside all Orders and parts of Orders entered subsequent to August 30, 1943, and striking all pleadings filed subsequent to August 30, 1943, which have the effect of eliminating Pipe Line Company and its property from this suit and de-

---

[1] Such pipe line is described in the Government's Brief as follows:

"It owns a gas pipe line buried in the ground along the Easements acquired for that purpose. The easements, or rights-of-way, the United Gas Pipe Line Company acquired, are for the specific purpose of constructing, maintaining and operating a pipe line, and to construct and maintain a telephone and telegraph line in connection therewith. Also, on one tract, it has the right to construct and maintain a gas regulating and measuring station on a small plot of land 90 x 75 feet. The owner of the fee title to the land has the right to use the surface of the land in any way whatsoever, subject, however, to the United Gas Pipe Line Company's right of ingress and egress in constructing, maintaining and operating the pipe line and telephone and telegraph lines."

priving Pipe Line Company of its right to be heard here on its claim for the inundation, etc. of its property, unless the Government shall restore the status quo of such property as of August 30, 1943.

(c) Permitting Pipe Line Company to present its Claim to the Commissioners for damages and compensation.

I am authorized to say that my colleague, Honorable ALLEN B. HANNAY, concurs in this Opinion.