Mrs. Jason H. GANDY, Appellant,

v.

STATE of Texas, Appellee.

No. 6198.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 18, 1958.

Rehearing Denied Oct. 29, 1958.

Houston Thompson, Silsbee, for appellant.

Earl B. Stover, County Atty., Kountze, for appellee.

R. L. MURRAY, Chief Justice.

The appellant's motion for rehearing is granted, the opinion filed in this cause on May 8, 1958 is withdrawn, and the following is filed as the opinion in this cause:

This is an appeal from a judgment in a condemnation suit in the County Court of Hardin County.

The State of Texas, acting through the Commissioners' Court of Hardin County, filed a petition with the County Judge of Hardin County, seeking condemnation for highway purposes of a strip of land in Hardin County described in its petition. In this petition it was alleged that fee simple title to said land was owned by the defendant therein, Mrs. Jason H. Gandy.

The County Judge appointed special commissioners, who gave proper notice and held a hearing, and thereafter made their report as such commissioners in condemna-

tion. Thereafter the appellant, Mrs. Jason H. Gandy, filed her objections to the award of the commissioners. Thereafter the cause was tried in the County Court of Hardin County before the court and a jury. The jury in its verdict, in answer to special issues, found that the value of the strip of land condemned was $924; that the market value of "defendant's tract of land," exclusive of the strip condemned immediately before the strip was taken, was $3,906; that the market value of the remainder of defendant's tract of land immediately after the taking of the strip condemned was $1,-953.

Thereafter the appellant, Mrs. Jason H. Gandy, filed a motion for judgment on the verdict and moved the court that such judgment in her favor should be for $2,-877, with interest from May 3, 1956, which was the date of the filing of the report of the commissioners.

The State of Texas filed its motion for judgment, reciting the special issues submitted on the trial and the jury's answers thereto, and further recited that during the trial of the case the evidence was developed and conclusively showed that the property sought to be condemned was originally acquired by Mrs. Jason H. Gandy, and Mr. Jason H. Gandy, that Jason H. Gandy died without a will approximately 13 years ago, that no administration was had on his estate and that he was survived by his wife and five children, naming such children. It further alleged that the legal effect of said evidence was that Mrs. Gandy owns an undivided one-half interest in the property and that the five children named owned jointly the remaining one-half interest in said property. It moved the court to apportion the amount of money awarded by the jury's verdict, one-half to Mrs. Gandy and the remaining one-half among the five children.

The appellant thereafter resisted said motion of the State by answer and a supplemental answer. She submitted a proposed judgment to the judge presiding

which would award to her the entire amount of $2,877 with interest from May 3, 1956. This appears in the transcript, bearing the notation, "Refused this 15th day of November, 1957," signed by the County Judge.

The trial court thereafter rendered judgment in accordance with the motion of the State of Texas, awarding one-half of the damages to Mrs. Gandy, the appellant, and apportioned the other one-half among the five children named. The judgment recited that "the evidence on the trial of said cause showed that the property sought to be condemned was originally acquired by Mrs. Jason H. Gandy and her husband, Jason H. Gandy, approximately eighteen years ago; that Jason H. Gandy died approximately thirteen years ago; that Jason H. Gandy left no will; that no administration has been had on the estate of Jason H. Gandy; that Jason H. Gandy was survived by his wife, Mrs. Jason H. Gandy and five children, Ida Lou Hatcher, J. H. Gandy, Joe Thomas Gandy, Margaret Ann Gandy, and Mary Catherine Gandy; that said evidence was undisputed and the court heard and now finds that Mrs. Jason H. Gandy, the only party served with notice of the condemnation of the property and made a party thereto, owned only an undivided one-half interest in said property condemned." The appellant excepted to the judgment and has perfected her appeal to this court for review.

No statement of facts is brought forward and the appeal of Mrs. Gandy is on the transcript of the proceedings, alone. The appeal is presented under six points of error, in which she contends that the trial court erred in entering judgment because the County Court decided a question of title, which is outside the jurisdiction of the County Court; and that the trial court made certain findings of fact which were outside the power of the trial court, since the case was tried before a jury; and that the judgment restricted the appellant's recovery to one-half of the amount found by the jury in its answers to the special

issues; and that the judgment does not follow the pleadings as required by law; because in said judgment the interest was based on the principal of $1,438.50 instead of $2,877 as indicated by the jury's findings. She further contends that the trial court erred in refusing to sign and enter the judgment proposed by the appellant.

It is apparent that the judgment rendered by the trial court was erroneous. The petition for condemnation alleged that the appellant, Mrs. Gandy, was the owner of the fee simple title to the tract of land sought to be condemned. This allegation of ownership was a necessary allegation in order to confer jurisdiction upon the County Court to hear the condemnation proceedings. See McInnis v. Brown County Water & Improvement District, Tex. Civ.App., 41 S.W.2d 741; Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953. Once the right to condemn the property has been established, the only issue before the trial court in a condemnation proceeding is the amount of damages suffered as a result of the taking. The allegation that Mrs. Gandy was the owner of the property was an admission of title in her. The judgment in such proceeding must be responsive to the pleadings and must conform to the verdict of the jury. See 16 Tex.Jur., p. 434 and cases cited. This judgment, as above indicated, is not responsive to the pleadings and does not conform to the verdict, and was therefore erroneous.

If the appellee, the State of Texas, discovered from the evidence upon the trial of the case, that Mrs. Gandy, the appellant, and her deceased husband had acquired the property in suit and that he had died without a will, leaving his wife and five children, such evidence was not sufficient to show that Mrs. Gandy was not the owner in fee of the property condemned. There remained the possibility that her children had conveyed the property to her, or that she may have acquired the interest of the children by various methods. The findings of the trial court in the judgment.

therefore, that the appellant, Mrs. Gandy, owned only an undivided one-half interest is an erroneous conclusion of law, since it obviously is based upon facts recited in the judgment, which recitals are above quoted. When the above facts were developed upon the trial of the case, the State did not solve the problem presented to it thereby by having the trial court decide in its judgment that the appellant was not the owner of the property condemned, as it alleged in its petition, and by having the court apportion the award among the wife and five children. This the court was without power to do, since the County Court has no jurisdiction to decide questions of title to real property. The State apparently believed that under the rule of law which permits the County Court in condemnation cases to apportion the award of damages among contending claimants, the five children were contending claimants, and that the court therefore had the power to apportion the award between them and their mother. They were not claimants before the court in this case, since they were not parties to the proceedings and were not making any claim before the court. They were not in any way bound by this proceeding or judgment. See 16 Tex.Jur., 307 and cases cited. There is authority for the proposition that when a condemnor receives notice during the pendency of condemnation proceedings that a person foreign to the record title claims an interest in the land sought to be condemned, it should see that he is made a party to the proceedings. In Storms v. Mundy, 46 Tex.Civ.App., 88, 101 S.W. 258, error refused, it was held that if the condemnor fails to do this and such claimant's application for leave to intervene is denied by the court, the condemnor itself should appeal from the order of denial and if it fails or refused to do this and pays the amount of the award to another, it does so at its peril. From this case the appellant argues that this Court should reverse the judgment of the trial court and render judgment for her for the entire amount of the award of damages found by the jury.

■ The procedure requested of the trial court by the State's motion for judgment was not available to it for the situation presented. It could have taken a nonsuit at any time before the verdict was received. See Leonard v. Small, Tex.Civ. App., 28 S.W.2d 826, error refused. It could then have initiated a new proceeding for condemnation naming as parties defendant and owners of the property Mrs. Gandy and all of the children. In that way its rights would have been preserved and it would not have been faced with the possibility of having to pay the owners of an undivided half interest in the land an additional award, after paying an award to the appellant, Mrs. Gandy.

■■ Since the case is before us on appeal without a statement of facts, we are required to dispose of it on the transcript, which includes, of course, the petition, answer, verdict of the jury, and judgment. As indicated above, we are satisfied that the judgment of the trial court is erroneous. Under Rule 434, Texas Rules of Civil Procedure, we believe it to be our duty to reverse the judgment of the trial court and render judgment which, under the record before us, the trial court should have rendered. Judgment in favor of the appellant, Mrs. Gandy, against the appellee, State of Texas, is therefore rendered that she recover the sum of $2,877 with interest thereon from May 15, 1956 until paid.

Reversed and rendered.

On Appellee's Motion for Rehearing.

The appellee, State of Texas, has filed its motion for rehearing, praying that our decision above be set aside and that the judgment of the trial court be affirmed. In the alternative, it prays that, if the judgment be reversed, the cause be remanded to the trial court with instructions to enter the judgment asked for by appellant in the trial court, thus granting to appellee the right and opportunity to present its motion for new trial to the trial court. It points out that it desires to present evidence and authorities on such motion for

new trial on the question of whether appellant has not acquired the interest in the land which her children inherited from their father, her deceased husband.

We overrule the motion to set aside our decision in the above opinion, and adhere to our conclusion that the judgment should be reversed.

We agree that the appellee should have an opportunity to present a motion for new trial in the trial court, and on the authority of De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 and Thomas v. Kansas City Southern Railway Co., Tex.Civ.App., 305 S.W.2d 642, we grant the alternative prayer of appellee and reverse the judgment of the trial court, with instructions to enter the judgment offered and proposed on the trial by the appellant.

Reversed and remanded with instructions.