Glen L. CASEY et al., Appellants,

v.

STATE of Texas, Appellee.

No. 6903.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 21, 1959.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, J. Hadley Edgar, Jr., Amarillo, of counsel, for appellants.

A. W. Lair, Canyon, for appellee.

CHAPMAN, Justice.

This is an appeal by appellants condemnees, Glen L. Casey and wife, Sarah Louise Casey; J. E. Davis and wife, Lillian Irene Davis; and E. P. Mead. The State of Texas is condemnor. The two tracts of land involved are parts of Section 30, Block 9, B.S.&.F. Survey, Randall County, Texas, located a short distance southwest of the City of Amarillo. Appellants, Casey and Mead owned the south 500 acres of Section 30 and appellants Davis owned the north 171 acres thereof.

Appellee sought condemnation of 5.53 acres of land along the east side of said section belonging to the Caseys and Mead, and 1.87 acres along the east side thereof belonging to the Davises for the purpose of constructing FM Highway No. 409, describing each piece of property by metes and bounds. The cases were consolidated

for trial and by stipulation of the parties the various questions were submitted to the jury upon a per acre basis. The jury found the two pieces of land being condemned were of the value of $800 per acre and found no damages to the remainder of the properties. The record indicates that one of the reasons for such stipulation was that counsel for appellee, several days before trial, informed appellants' counsel that he believed the east 20 feet of the property lay within a road previously used by Randall County. It was further stipulated by the parties that whether the 20-foot strip was to be included in the judgment would be left as a point of law for the court *provided it had the jurisdiction to consider it.* (Emphasis added.)

The trial court entered a judgment which varied the metes and bounds description in appellee's original petitions, awarding judgment for the Caseys and Mead for $800 an acre on 3.71 acres instead of 5.53 and for the Davises on 1.25 acres instead of 1.87 acres. It is from this judgment appellants have perfected their appeal. The first six points, from various approaches, attack the jurisdiction of the County Court to render the judgment it did and asserted the court acted arbitrarily and capriciously in doing so.

An engineer of the Texas Highway Department, over appellants' objections, testified the east 20 feet of each tract of land was within the right of way of an existing county road but admitted that it had never been acquired for the State of Texas by deed. Appellants testified, in effect, that when they purchased the property their purchases embraced the 20-foot strip. Farm-to-market Highway 409, for the benefit of which the condemnation was sought, had been completed at the time of trial.

The legal question to be considered in these first six points is whether the County Court by hearing evidence of the metes and bounds description different from that pleaded by appellee for condemnation and reducing by his judgment the amount of acres appellee sought to condemn was trying title to land in a condemnation proceeding in County Court.

The District Court has original jurisdiction of all suits "for trial of title to land * * *" Article 5, Section 8, Constitution of State of Texas, Vernon's Ann.St.

Our Commission of Appeals, in passing upon the action of a County Court in attempting to adjudicate title to the land involved therein under Articles 3521 to 3526, Revised Civil Statutes 1911, V.A.T.S.Probate Code, §§ 48-56 has held that under Article 5, Section 8 of the Constitution of Texas " * * * the district court alone has jurisdiction of all suits for title to land, and if the statutes referred to above undertake to confer such jurisdiction upon the county court they are, of course, void * * *" Hein v. De Busk, Tex.Civ.App., 277 S.W. 1053, 1054.

Where condemnor seeks to condemn described property, contested by condemnees, then before trial offers to dismiss from the suit all of one tract and part of another because it contends it has discovered condemnees do not own such property, a question of title to land is presented in County Court, which it does not have jurisdiction to try. Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953, 955. Chief Justice Hickman, speaking for the Supreme Court in that case said:

> "Whether or not they do have title to it is a question which the trial court had no jurisdiction to decide and, therefore, no jurisdiction to assume against respondents."

When the rules of law announced in the cases just cited are applied to our case we would have to hold the trial judge was without authority to reduce by his judgment the amount of acres sought to be condemned. Such action could only be on the theory that condemnees did not own title to such property, a question a County Court is without jurisdiction to pass upon. City of Houston v. Kunze, Tex.Civ.App.,

258 S.W.2d 226, affirmed 153 Tex. 42, 262 S.W.2d 947; Thompson v. Janes, supra.

By its points 7 through 9 appellant attacks the action of the trial court in entering a judgment for less land than that condemned for the reason that condemnor is estopped to assert title in itself after alleging condemnees are the fee simple owners of the property condemned; because the County Court has no jurisdiction to assume title to land against a condemnee contrary to condemnor's pleadings and, because the trial court erred in entering a judgment which resulted in condemnors taking condemnees' properties without compensating condemnees for same.

■ Appellee asserts it requested permission to correct the description before it announced ready for trial but does not deny it had already taken possession of the property and constructed the Highway thereon. The record is without dispute that FM Highway 409 was already constructed at the time of the trial, and the exhibits introduced show the 40-foot pavement thereof covered the 20-foot strip in controversy. The only authority cited in its brief in support of the judgment rendered was Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842. But that case also holds that the right to abandon the project of taking property in a condemnation may be lost by taking possession of the property, which unquestionably was done in this case. See also Leonard v. Small, Tex.Civ.App., 28 S.W.2d 826 and 2 Lewis on Eminent Domain (3d Ed.), Section 660.

■ Appellants, Davis and Casey both testified that the purchases of their respective pieces of property included all land to the east section line, which the record shows embraced the 20-foot strip. We believe the record in our case certainly shows a better title in them than that shown in the condemnees in Thompson v. Janes, supra, and that case held the trial court had no jurisdiction to assume against condemnees.

Though other points are raised on appeal concerning argument of appellee's counsel, we believe what we have said is decisive and that discussing additional points would serve no useful purpose. Under the state of the record before us we believe the court had no alternative except to render judgment for condemnation of the 5.53 acres against the Caseys and Mead, and the 1.87 acres against the Davises (the same property on which appellee sought condemnation in its original petitions) and such amounts would be multiplied by the $800 per acre valuation found by the jury together with 6 per cent interest from October 19, 1957, on those amounts less the $150 previously paid as the Special Commissioners' Award.

Therefore, the case is remanded to the trial court with instructions to that court to enter its judgment in accordance with this opinion.