The STATE of Texas et al., Appellants,

v.

W. H. McCONNELL et ux., Appellees.

No. 17040.

Court of Civil Appeals of Texas.

Fort Worth.

July 11, 1969.

Rehearing Denied Sept. 12, 1969.

T. B. Coffield, Bowie, Ernest May, Fort Worth, for appellants.

Stark & Barnhart, and Richard S. Stark, Gainesville, for appellees.

## OPINION

MASSEY, Chief Justice.

The State, as condemnor, appealed from a judgment granted W. H. McConnell et ux., condemnees. Condemnees' compensation under the judgment was for land taken for limited-access highway purposes and for the diminishment in value of their remaining land lying on both sides of the strip taken.

We will first consider the case as applied to the easement strip taken for highway purposes. The special issue inquired as to the amount representing the fair market value of the easement strip of land condemned for highway purposes, considered as severed land. There is no complaint on the appeal because of the language or submission of the special issue, and there was no objection or exception thereto in condemnor's objections to the charge.

However, there are points of error which complain that there was excessiveness in the verdict (in part based upon the jury's answer to the issue), that the condemnees did not prove the value of the strip of land taken (and that there was no evidence of value as great as the amount found by the jury in answer to the issue),—because there was failure to prove value of the land with the value of the minerals severed out. In other words the condemnor says that it was the burden of condemnees to prove the value of the land apart from the minerals rather than the value of the land inclusive thereof; that as the result the judgment amount awarded condemnees received payment for their land inclusive of the minerals despite the fact that they would continue to own them, and in consequence a part of the amount awarded condemnees represented payment for property retained by them and not acquired by the condemnor.

Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953 (1952) stands for the proposition that in condemnation proceedings, where the easement taken leaves a land owner with some beneficial use of the land, damages will be less than the value of fee, but, where the land owner is deprived of any beneficial use of the land, he may recover the market value of the land. Therein it is pointed out that there are some cases in which the measure of damages for

the taking of an easement by condemnation proceedings is the difference in the market value of the land free of the easement and its market value burdened with the easement. Examples are cited, including those of power lines across property, where the condemnee continues to have some use of the surface. Thereafter it is stated (p. 956): "A distinction must be drawn, however, between such easements and easements which deprive the landowner of any (all) beneficial use of the land." Authorities are cited, including cases wherein consideration was given for right-of-way easements such as for highways and railroads.

We consider Thompson v. Janes controlling in respect to the instant case. It appears from that case, those found in Sheppard's Citator thereunder, and from appropriate reasoning that it might properly be said that the harmless error rule (Texas Rules of Civil Procedure, 434) should be deemed to have application to a case such as that under consideration (an easement for highway purposes), and that where there is no evidence in the record to the effect that there is a substantial value in the mineral estate lying under the condemned premises retained by the condemnee, a presumption shall obtain that there is no substantial difference, of which the law will take notice, in the value between the easement taken and the fee.

We overrule the points of error under consideration, holding the evidence sufficient to support the verdict and judgment in the respect considered and that the verdict was not excessive.

A point of error complains because of the allowance, over objection, of the testimony of two of the condemnees' witnesses concerning the value of the strip of land taken. The objection was that their testimony did not qualify as evidence of the value of the strip as "severed" land. We find that there was testimony from other witnesses concerning the value of the land as "severed". These witnesses testified to values greater than those given by the aforementioned witnesses. In our examination of the record we find that the witnesses in question did testify to the value of the property taken as "severed" land. Furthermore, even if that were not true we do not believe that the jury could have been misled. The point of error is overruled.

Another point of error complains that the manner of submission of special issues upon value of the condemnees' remaining land after condemnation. Condemnor avers that the issues assumed that there was a decrease in the value of the remaining land. We hold there was no such assumption in the language of the issues.

We find that the record is replete with representations made before the jury, by both the counsel for the condemnor and counsel for the condemnees, that it would be the cash value of property which the jury would determine. The special issues spoke only of "fair market value" in each question upon value. Both by objections taken to the court's charge and by specially requested issues the condemnor evidenced its insistence that the issues should read "fair cash market value", and that the jury should be instructed that the "cash" market value should control.

That the State of Texas is obliged to pay cash for condemned land, etc., is a matter of which we take judicial notice. Furthermore, it is a matter of common knowledge that such is the form of payment in condemnations by the State. It is the State which is the condemnor in the case. Furthermore, in relation to the question posed the language of the issues follows State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979 (1936), the "Bible" of our trial courts in preparation of special issues in ordinary condemnation cases. There is nothing extraordinary in the case under consideration. The condemnor's complaint is without merit.

Judgment is affirmed.