**J. H. BRUNSON et ux., Petitioners,**

v.

**The STATE of Texas, Respondent.**

**No. B–1332.**

Supreme Court of Texas.

July 30, 1969.

Rehearing Denied Oct. 1, 1969.

Mahoney, Shaffer & Hatch, Richard J. Hatch, Corpus Christi, for petitioners.

Crawford C. Martin, Atty. Gen., Woodrow Curtis, Asst. Atty. Gen., Austin, for respondent.

CALVERT, Chief Justice.

This case grows out of a condemnation proceeding by which The State of Texas obtained a highway right-of-way easement over land owned by J. H. Brunson and his wife. A trailer house was located on the easement property. After a county court judgment had been rendered awarding the State title to the easement and compensation and damages to the Brunsons in an amount which they had withdrawn from the registry of the court, Brunson took possession of the trailer and removed it

from the land. Thereupon, the State filed suit against the Brunsons for damages for conversion and took possession of the trailer under a writ of possession on September 13, 1962. The Brunsons filed a cross-action in which they sought a recovery from the State of the market value of the trailer "by reason of the conversion and the taking of Cross-Plaintiffs property without just compensation as required by law," and, alternatively, for possession of the trailer and damages for loss of its use. Both parties filed motions for summary judgment which put the title to the trailer in issue. The trial court granted the State's motion and denied the Brunsons' motion. The court of civil appeals affirmed. 410 S.W.2d 9. We reversed the judgments of the court of civil appeals and trial court insofar as they awarded title to the trailer to the State and rendered judgment on that phase of the case that the State take nothing. We severed the Brunsons' cause of action for damages and remanded it to the trial court for trial. 418 S.W.2d 504. Our mandate was issued on October 20, 1967 and was filed in the trial court on October 21, 1967. We have stated only those facts concerning the former trial and judgments which are relevant to, and throw light upon, the present litigation.

In an amended pleading, the Brunsons alleged that the State took the trailer "without compensation" and that such action amounted to "a conversion and/or a * * * taking without just compensation as required by law." By an amended pleading filed on January 15, 1968, the State tendered possession of the trailer to the Brunsons, and they accepted it during the course of the trial of their suit for damages which began on January 23, 1968. Having accepted return of the trailer, the Brunsons abandoned their claim for the value of the trailer and went to the jury on their alternative claim for damages for loss of use of the trailer for 64⅓ months. In response to the single special issue submitted, the jury found the reasonable monthly rental value of the trailer to be $125.00. The

court multiplied the monthly rental value of $125.00 by 64⅓ months and rendered judgment for the Brunsons for $8,041.66. The State appealed, and the court of civil appeals reversed the judgment of the trial court and remanded the cause for retrial. 435 S.W.2d 242. We affirm the judgment of the court of civil appeals.

■ The opinion of the court of civil appeals was written by the Chief Justice. A concurring opinion was written by one of the Associate Justices. The Chief Justice wrote at some length in pointing out that the trial court's method of arriving at the Brunsons' damages was erroneous, but reversal was not ordered on that ground. Reversal was ordered solely because the damages were deemed excessive. This fact is evident from the language with which the opinion was concluded, as follows:

> "The impropriety of using the method of multiplying the number of months of lost rentals by the monthly rental value in arriving at the damages is well illustrated by the present case. According to the evidence most favorable to appellees, the difference between the maximum market value of the house trailer in September, 1962 ($4500.00) and the minimum in January, 1968 when appellees got it back ($700.00) is $3800.00. The judgment figure is over double this sum. Such recovery would greatly exceed the 'adequate compensation' guaranteed by Article 1, § 17 of the Texas Constitution [Vernon's Ann.St.] to one whose property is taken for public use.

> "The judgment is excessive in amount, but under the conflict in evidence on the value questions, we are unable to estimate the amount of the excess and apply Rule 440, Texas Rules Civil Procedure. The only alternative is to reverse and remand."

The concurring Justice was also of the view that the trial court had used an improper measure of damages, and he would have reversed for that reason. The fact is, however, that the majority reversed

solely because the damages awarded were excessive. We have no jurisdiction to review the holding, as the Brunsons would have us do, or to disturb the judgment. Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993 (1916); International & G.N.R. Co. v. Goswick, 98 Tex. 477, 480, 85 S.W. 785 (1905). The Brunsons do not complain of the error of the court of civil appeals in failing to determine the amount by which the judgment is excessive and in then failing to offer them an opportunity to remit the excess and obtain an affirmance of the trial court's judgment. See Carter v. Texarkana Bus Co., 156 Tex. 285, 295 S.W. 2d 653 (1956); Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017, at 1022 (1950); Smith, Texas Remittitur Practice, 14 Sw.L.J. 150 (1960).

■ It is important that the proper measure of damages be used on a retrial of this case. Neither the majority nor the concurring opinion in the court of civil appeals announces a correct rule for measuring the damages. Both speak in terms of tort damages. The majority opinion suggests that the Brunsons are entitled to recover "reasonable rental value proved to have been lost *during the period of the unlawful detention*";[1] but that the jury issue should inquire as to the rental value for the entire period. The concurring opinion states that the Brunsons are entitled "to damages based on the reasonable cash market value of the house trailer *at the time of its conversion* with interest thereon from the date of the conversion at the proper rate until date of trial," less the reasonable cash market value of the trailer at the time of its return. These holdings are obviously wrong. The State is not liable for damages for conversion or unlawful detention of property. However, the State is obligated by Article I, § 17 of the State Constitution to pay "adequate compensation" to any person whose property is "taken, damaged or destroyed for or applied to public use"; and our evaluation of the factual situation in this case is that, within a constitutional sense, there was a "taking" of the house trailer by the State.

■ "[A]n actual physical invasion or an appropriation" of property is a "taking" within the meaning of Article I, § 17. Duvall v. City of Dallas, 27 S.W.2d 1105, at 1107 (Tex.Civ.App.—Dallas, 1930 writ ref'd). A taking is complete when by reason of the taking of possession and use or detention of property by an entity having power of eminent domain the owner is prejudiced and the status quo cannot be restored. That is the sense of our decisions which declare that "[a] condemnor has the right to correct its errors, to dismiss its proceeding for condemnation, to abandon the purpose of taking the land, but it may not exercise any of these rights to the prejudice of the land owner." Brazos R. Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842, at 844 (1943). See also Thompson v. Janes, 151 Tex. 495, 251 S.W. 2d 953 (1952). So, here, the State, having taken possession of the trailer house and having used or retained it until its value was greatly depreciated, could not abrogate the "taking" by abandonment or redelivery of possession and thereby either increase or diminish the compensation it was obligated to pay. The taking of the trailer house and the Brunsons' suit for damages present all of the earmarks and characteristics of inverse condemnation. See Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99 (1961).; Cabaniss, Inverse Condemnation in Texas, 44 Tex.L.R. 1584 (1965–66). The State did not follow eminent domain procedures in obtaining possession of the trailer house, but seized it under writ of possession and kept it for more than five years. The situation presented is the same as if the State, without first acquiring title, had built a highway over land and used it for more than five years, only to abandon it when the owner sought compensation for the easement taken. Cf. Casey v. State, 331 S.W.2d 950 (Tex.Civ.App.—Amarillo, 1959 no writ).

---

1. Emphasis ours throughout unless otherwise indicated.

**602**

While the Constitution provides for payment of adequate compensation for property taken for a public use, it neither defines "adequate compensation" nor prescribes a rule by which to measure it. The duty of prescribing rules of measurement belongs to the Legislature. The legislative rule is found in Article 3265, Vernon's Texas Civil Statutes. The general rule there prescribed is "market value of the property" at the time of the taking, City of Dallas v. Shackelford, 145 Tex. 528, 199 S.W.2d 503 (1947); San Antonio & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 15 S.W. 1040 (1891), plus interest at the legal rate since the day of taking when no deposit in court is made. State v. Hale, 136 Tex. 29, 146 S.W.2d 731, at 738 (1941). That is the measure of damages to be applied in this case.

We are not to be understood as holding that the Legislature is without power to direct the use of a tort measure of damages in providing for the payment of constitutional "adequate compensation" for the taking of property for a public use. We hold only that it has not done so.

The judgment of the court of civil appeals is affirmed; but further proceedings in the trial court shall be consistent with this opinion.