Jimmy W. CASSITY, et al., Appellants,

v.

**GULF STATES UTILITIES COMPANY, Appellee.**

No. 8726.

Court of Appeals of Texas, Beaumont.

Feb. 18, 1982.

Rehearing Denied March 4, 1982.

Charles E. Nadeau, Houston, for appellants.

Paul W. Gertz, Beaumont, for appellee.

DIES, Chief Justice.

In August 1980, Gulf States Utilities Company, as plaintiff below, filed a condemnation action against Jimmy W. Cassity, Alma G. Cassity, and Jimmy Cassity, as Trustee for Jerry Wayne Cassity. Commissioners were appointed, an award given, and the defendants, including Alma G. Cassity, drew down their award. On September 16, 1981, Jimmy W. Cassity, Alma G. Cassity, and Jerry Wayne Cassity, condemnees, filed their objections and exceptions to "the decision of commissioners." On September 17, Gulf States also filed objections and exceptions to the award of the commissioners.

On March 19, 1981, Gulf States filed its amended petition but omitted Alma G. Cassity as a defendant. The case was tried in the District Court (which has jurisdiction of such proceedings in Polk County), and thereafter Jimmy W. Cassity and Jerry Wayne Cassity moved for judgment. Judgment for defendants Jimmy W. Cassity and Jerry Wayne Cassity (but not Alma G. Cas-

sity) was rendered April 27, 1981. On May 22, 1981, Gulf States, realizing its mistake, moved to reform the judgment to add Alma's name as a defendant, due to "clerical error," and, on June 30, 1981, the court reformed the judgment to include Alma G. Cassity, from which her husband, Jimmie W. Cassity, and Jerry Wayne Cassity perfect this appeal. The parties will be referred to herein as appellants or appellee, or by name.

Appellants urge that appellee's amended petition (which did not include Alma's name as defendant) supplanted its original petition (which did) and such amendment has the effect of dismissing such party the same as if a formal order of dismissal had been entered; therefore, the judgment did not conform to the pleadings, citing *Tex.R. Civ.P. 65*; 2R. McDonald, *Texas Civil Practice* § 8.01.3, at 315 (1970); *Valdez v. Gill*, 537 S.W.2d 477 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *Tex.R.Civ.P. 301* and *306*; *Gandy v. State*, 319 S.W.2d 375 (Tex.Civ.App.—Beaumont 1958, no writ).

■ We have no quarrel with these authorities. In *Gandy v. State*, supra, a condemnation proceeding, Mrs. Gandy was the sole defendant. The evidence showed she owned only an undivided one-half interest, with the remainder owned by five children of her deceased husband. After trial, the State moved the court to apportion the verdict one-half to Mrs. Gandy and one-half to the children. The trial court granted the motion. The appellate court reversed, holding the judgment in such proceeding must be responsive to the pleadings. These children, of course, were never involved in the proceeding. But, in the case at bar, appellants and Alma G. Cassity, themselves, filed objections and exceptions to the award of the commissioners. *Art. 3266, §§ 6 and 7, Tex.Rev.Civ.Stat.Ann.* (1968) allows either dissatisfied party to file such objections—here both sides filed objections. The filing of these objections serves to vacate and set aside the award of the commissioners; the appeal becomes de novo, and "where either party in a condemnation proceeding properly perfects an appeal ... neither party has

**534**

a right, without the consent of the other, to withdraw the appeal...." *Longino v. State*, 385 S.W.2d 901 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.), and the many decisions cited therein. Alma G. Cassity joined the appellants in appealing the commissioner's award, and Gulf States thereafter had no power to drop her from the case, advertently or inadvertently, if she was a proper condemnee, which is not herein disputed.

The judgment of the trial court is affirmed.

AFFIRMED.

KEITH, J., not participating.