Ex parte Earl **RIDGEWAY.**

No. 41978.

Court of Criminal Appeals of Texas.

April 2, 1969.

———◆———

Earl Ridgeway, pro se.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post-conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and the opinion Ex parte Young, Tex.Cr.App., 418 S.W.2d 824. Petitioner, Ridgeway, was convicted in 1946 in Cause No. 4973 in the District Court of Orange County for the offense of rape. A prior conviction for rape was used for enhancement purposes. Punishment was assessed at life.

▮ An application for a writ of habeas corpus was filed in 1968 and was considered by the Honorable James N. Neff, Judge of the 128th Judicial District in Orange County. He found from the record without a hearing that petitioner was apparently indigent at the time of his trial, and the court appointed two lawyers to represent him at that time. The attorneys gave notice of appeal. No further action was taken by the trial court to appoint counsel on appeal.

The case was reported Ridgeway v. State, Tex.Cr.App., 195 S.W.2d 143. The files reflect that there was no brief and no attorney for appellant on appeal. The opinion recited that the record contained no statement of facts or bills of exception, and nothing was presented for review.

Judge Neff further found that both the trial judge who presided at the trial of this case and the court reporter who recorded the testimony were deceased, and the notes taken by the deceased court reporter could not be found, thus making an out of time appeal an impossibility.

He concluded as a matter of law that "Petitioner was deprived of his right of direct appeal with the assistance of counsel."

In support of his findings and conclusions, he cited the decisions of the Supreme Court of the United States in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; and Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, which hold that an indigent defendant is entitled to have appointed counsel on appeal, and Merkel v. Beto, 387 F.2d 854 (C.C.A. 5th, 1968), which applied the decisions in Douglas v. California and in Anders v. California retrospectively.

The record is sufficient to support his findings and conclusions.

Since an out of time appeal would not now be feasible, according to the findings of Judge Neff, the application for writ of habeas corpus is granted, the judgment of conviction is set aside; the petitioner is ordered released from the Department of Corrections and delivered to the sheriff of Orange County to answer to the indictment in Cause No. 4973 pending against him in said cause.