STATE of Texas, Appellant,

v.

J. H. BRUNSON et al., Appellees.

No. 572.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 25, 1970.

Rehearings Denied Dec. 30, 1970.

Crawford C. Martin, Atty. Gen., Woodrow Curtis, Asst. Atty. Gen., Austin, for appellant.

Mahoney, Shaffer, Hatch & Layton, Richard J. Hatch, Corpus Christi, for appellees.

OPINION

GREEN, Chief Justice.

This is the third appeal in this case. The history of the litigation prior to the instant trial as it concerns the cross-action of appellees J. H. Brunson and wife against the State of Texas is set forth in the opinion of the Supreme Court in Brunson v. State, 444 S.W.2d 598, 599, as follows:

"This case grows out of a condemnation proceeding by which The State of Texas obtained a highway right-of-way easement over land owned by J. H. Brunson and his wife. A trailer house was located on the easement property. After a county court judgment had been rendered awarding the State title to the easement and compensation and damages to the Brunsons in an amount which they had withdrawn from the registry of the court, Brunson took possession of the trailer and removed it from the land. Thereupon, the State filed suit against the Brunsons for damages for conversion and took possession of the trailer under a writ of possession on September 13, 1962. The Brunsons filed a cross-action in which they sought a recovery from the State of the market value of the trailer 'by reason of the conversion and the taking of Cross-Plaintiffs property without just compensation as required by law,' and, alternatively, for possession of the trailer and damages for loss of its use. Both parties filed motions for summary judgment which put the title to the trailer in issue. The trial court granted the State's motion and denied the Brunsons' motion. The court of civil appeals affirmed. 410 S.W.2d 9. We reversed the judgments of the court of civil appeals and trial court insofar as they awarded title to the trailer to the State and rendered judgment on that phase of the case that the State take nothing. We severed the Brunsons' cause of action for damages and remanded it to the trial court for trial. 418 S.W.2d 504. Our mandate was issued on October 20, 1967 and was filed in the trial court on October 21, 1967. We have stated only those facts concerning the former trial and judgments which are relevant to, and throw light upon, the present litigation.

In an amended pleading, the Brunsons alleged that the State took the trailer 'without compensation' and that such action amounted to 'a conversion and/or a * * * taking without just compensation as required by law.' By an amended pleading filed on January 15, 1968, the State tendered possession of the trailer to the Brunsons, and they accept-

ed it during the course of the trial of their suit for damages which began on January 23, 1968. Having accepted return of the trailer, the Brunsons abandoned their claim for the value of the trailer and went to the jury on their alternative claim for damages for loss of use of the trailer for 64⅓ months. In response to the single special issue submitted, the jury found the reasonable monthly rental value of the trailer to be $125.00. The court multiplied the monthly rental value of $125.00 by 64⅓ months and rendered judgment for the Brunsons for $8,041.66. The State appealed, and the court of civil appeals reversed the judgment of the trial court and remanded the cause for retrial. 435 S.W.2d 242. We affirm the judgment of the court of civil appeals."

We quote further from the Supreme Court's opinion, 444 S.W.2d at p. 601:

" * * * The State is not liable for damages for conversion or unlawful detention of property. However, the State is obligated by Article I, § 17 of the State Constitution to pay 'adequate compensation' to any person whose property is 'taken, damaged or destroyed for or applied to public use'; and our evaluation of the factual situation in this case is that, within a constitutional sense, there was a 'taking' of the house trailer by the State."

The Court stated that the acts of the State constituted a taking of the house trailer under Article 1, § 17 of the State Constitution, Vernon's Ann.St., with "all the earmarks and characteristics of inverse condemnation". It rejected the measure of damages used by the trial court, and held erroneous the measure announced in the majority opinion, as well as that set forth in the minority opinion, of the Court of Civil Appeals, and laid down the rule to be

applied by the trial court on another trial in the following language (p. 602):

"While the Constitution provides for payment of adequate compensation for property taken for a public use, it neither defines 'adequate compensation' nor prescribes a rule by which to measure it. The duty of prescribing rules of measurement belongs to the · Legislature. The legislative rule is found in Article 3265, Vernon's Texas Civil Statutes. The general rule there prescribed is 'market value of the property' at the time of the taking, City of Dallas v. Shackelford, 145 Tex. 528, 199 S.W.2d 503 (1947); San Antonio & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 15 S.W. 1040 (1891), plus interest at the legal rate since the day of taking when no deposit in court is made. State v. Hale, 136 Tex. 29, 146 S.W.2d 731, at 738 (1941). *That is the measure of damages to be applied in this case.*[1]

We are not to be understood as holding that the Legislature is without power to direct the use of a tort measure of damages in providing for the payment of constitutional 'adequate compensation' for the taking of property for a public use. We hold only that it has not done so.

The judgment of the court of civil appeals is affirmed; but further proceedings in the trial court shall be consistent with this opinion."

Following the second remand of the cause and on October 28, 1969, appellees Brunson filed their Fourth Amended Cross-Action alleging an unlawful taking of the house trailer by the State without just compensation, and seeking damages under the rule set out in Chief Justice Calvert's opinion, supra. The State answered (1) with a plea of jurisdiction due to failure to secure legislative permission to sue the State, and, subject to a ruling on its

---

1. Emphasis added by us.

plea to jurisdiction, (2) with a general denial, and (3) with allegations of the value of the house trailer at the time of taking and the date of its return to appellees on February 29, 1968.

The trial was to the Court and jury. The sole issue submitted to the jury, and its answer thereto, were:

## "SPECIAL ISSUE NO. 1

What do you find from a preponderance of the evidence, if any, was the market value of the subject trailer house at the time of taking by the State of Texas on September 13, 1962?

'Market value' means the amount which would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling.

Answer in dollars and cents.

Answer $4600.00"

The Court added interest at 6% from the date of taking, September 13, 1962, to the date of judgment, April 3, 1970, and rendered judgment for the total sum of $7,157.21. The State's motion for new trial was overruled, and it has perfected its appeal to this Court.

■ By its first point, appellant alleges error of the trial court in overruling its plea to the court's jurisdiction because appellees had not secured legislative consent to sue the State. We overrule this point. The State, and not the Brunsons, brought the law suit. Appellees' right to defend included the right to file a cross-action and obtain affirmative relief where their claim is incident to, connected with, or is germane to the suit or controversy originated by the State. Anderson, Clayton & Co. v. State, 122 Tex. 530, 62 S.W.2d 107, 110; State v. Stanolind Oil & Gas Co., Tex.Civ.App., 190 S.W.2d 510, wr. ref.; State of Texas v. Martin, Tex.Civ.App., 347 S.W.2d 809, wr. ref. n. r. e.; State of Texas v. Noser,

Tex.Civ.App., 422 S.W.2d 594 (footnote, p. 599). The Brunsons' claim for damages by reason of the State's act in taking possession of the house trailer was filed as a cross-action to the suit originally instituted by the State to secure possession and damages. This cross-action was severed from the remainder of the cause by the Supreme Court on the first appeal, and as severed, appellees' cause of action against the State for wrongful taking of the house trailer was remanded to the trial court for trial. Such cause of action was germane to and grew out of the original claim made by the State in the suit instituted by it and the State is not now in position to assert the claim of no legislative consent to sue.

■ Appellant's 2nd, 3rd, 4th, 7th and 9th points of error are discussed together in its brief. All are concerned with different phases of the proper measure of damages which should have been applied by the trial court, it being the State's contention that said measure under the provisions of Art. 3265, Sec. 3, Vernon's Ann.Tex.Civ.St. should have been the diminution in value of the trailer house from the date the State took possession on September 13, 1962 until the State surrendered possession in January, 1968. The true measure of damages to be applied by the trial court was definitely set forth by the Supreme Court in the second appeal as the market value of the property at the time of the taking plus interest at the legal rate from the date of taking. See quote, supra. That was the rule followed by the trial court in its rulings on pleas, evidence, and the special issue submitted to the jury, and in rendering judgment. Appellant's 2nd, 3rd, 4th, 7th, and 9th points of error are overruled.

■ In its 8th point of error, appellant complains of the trial court allowing interest to the date of judgment, claiming that such interest should have ceased on February 29, 1968, when the house trailer was returned to appellees. We disagree. The Supreme Court, in its opinion on the sec-

ond appeal, 444 S.W.2d at page 601 stated that "So, here, the State, having taken possession of the trailer house and having used or retained it until its value was greatly depreciated, could not abrogate the 'taking' by abandonment or redelivery of possession and thereby either increase or diminish the compensation it was obligated to pay." In the present case, regardless of what occurred to the trailer house, the State became liable to the appellees for "the market value of the trailer house at the time of the taking", together with legal interest to date of payment. This was the rule followed by the trial court. The 8th point of error is overruled.

■ Appellees contend in their 5th and 6th points that error was committed by appellees' attorney in his closing jury argument of such a nature as was reasonably calculated to cause the rendition of an improper and excessive verdict and judgment. We have read and considered all of the argument of counsel for both parties and find that the only statement of appellees' counsel which was objected to was as follows:

"In closing, I just ask you one more time, put yourselves in Mr. Brunson's—

THE COURT: Counsel, don't—

MR. CURTIS: Your Honor, we object to him asking the jury to put themselves in any—

THE COURT: Members of the jury, you are instructed to disregard the remark of Counsel. You are to treat this objectively and not place yourselves or attempt to place yourselves in a position of any of the parties or any of the witnesses that have testified."

■ The Court having promptly instructed the jury not to consider the statement, we find no reversible error. Each of the other arguments complained of were clearly of the type that any harm that might have been done, if any, could have been corrected by timely objection and re-

quest for instruction to disregard. As a general rule, in order to entitle one to a new trial because of improper jury argument of counsel, an objection must have been made to such argument and overruled at the very time the argument was made. Only when probable harm or prejudice cannot be eliminated or cured by retraction or instruction will a new trial be given in the absence of objections. Williams v. General Motors Acceptance Corporation, Tex.Civ.App., 428 S.W.2d 441, 447, n. w. h.; State v. Cave, Tex.Civ.App., 430 S.W.2d 692, 699, n. w. h.; Prasek v. Dudley, Tex.Civ.App., 395 S.W.2d 876, wr. ref. n. r. e. In our study of the argument, we find nothing now complained of which could not have been cured by objection and proper instruction of the trial court.

■ We do not agree with appellant's contention that the record shows that any improper argument of appellees' counsel led to the return of an excessive verdict, or caused the rendition of an excessive verdict. The special issue submitted to the jury applied the measure of damages held to be applicable to the facts of this case by our Supreme Court, supra. The answer of the jury was within the limits of market value as testified to by witnesses.

We find that a mathematical error was made in the computation of interest. The judgment correctly recites that in addition to the sum of $4600.00 found by the jury as the market value of the house trailer on September 13, 1962, appellees are entitled to legal interest on such sum from the date of taking, September 13, 1962, to the date of entry of the judgment, April 3, 1970. However, according to our calculation, this interest, rounded out to even dollars, amounts to $2086.00, and not $2,557.21 as awarded in the judgment. Accordingly, the judgment is hereby corrected so as to award appellees J. H. Brunson and wife June Brunson recovery from The State of Texas of the sum of forty-six hundred dollars ($4600.00) plus two thousand eighty-six dollars ($2086.00) interest, or a total of six thousand six hundred and eighty-six

dollars ($6,686.00), with interest on this total sum at the rate of 6% per annum from April 3, 1970, the date of judgment until paid. See Ligon v. E. F. Hutton & Company, Tex.Civ.App., 428 S.W.2d 434, 440, wr. ref. n. r. e.

 Appellees' cross point, wherein they claim the right to a ten per cent penalty against appellant under Rule 438, Texas Rules of Civil Procedure, for what appellee designates as a frivolous appeal taken by the State for delay only is overruled as being without merit.

Costs of appeal are assessed as follows: three-fourths against appellant, and one-fourth against appellees.

Judgment reformed and affirmed.