Robert Daniel **RAMIREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–95–00636–CR, 01–95–00637–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 14, 1995.

Steven F. Rosen, Houston, for appellant.

John F. Healey Jr., J. Sidney Crowley, Fort Bend, for appellee.

Before HEDGES, COHEN and TAFT, JJ.

### OPINION

HEDGES, Justice.

Robert Daniel Ramirez appeals the denial of his application for writ of habeas corpus based on double jeopardy. He had asserted that a civil forfeiture judgment against him constituted punishment, and therefore any subsequent prosecution for drug offenses was barred by double jeopardy. We affirm.

### Facts

Following his arrest on August 12, 1993, Ramirez was indicted for four felony drug offenses.[1] The State then filed civil forfei-

---

1. The indictment in trial court cause no. 24,830A charges Ramirez with illegal investment, under former Tex.Health & Safety Code Ann § 481.126, Act of June 14, 1989, 71st Leg., R.S., ch. 678, sec. 1, 1989 Tex.Gen.Laws 2230, 2941; *amended by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, sec. 2.02, 1993 Tex.Gen.Laws 3586, 3710.

A separate indictment under trial court cause no. 24,832A charges Ramirez with:
   (1) possession of cocaine with intent to deliver, under former Tex.Health & Safety Code Ann. § 481.112, Act of June 14, 1989, 71st Leg., R.S., ch. 678, sec. 1, 1989 Tex.Gen.Laws 2230, 2935; *amended by* Act of June 19,

1993, 73rd Leg., R.S., ch. 900, sec. 2.02, 1993 Tex.Gen.Laws 3586, 3705; and
   (2) possession of cocaine, under former Tex. Health & Safety Code Ann § 481.115, Act of June 14, 1989, 71st Leg., R.S., ch. 678, sec. 1, 1989 Tex.Gen.Laws 2230, 2936; *amended by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, sec. 2.02, 1993 Tex.Gen.Laws 3586, 3706; and
   (3) possession of cocaine on which the controlled substances tax had not been paid, under Tex.Tax Code Ann. § 159.201 (Vernon 1992).

ture proceedings under Chapter 59 of the Texas Code of Criminal Procedure. On September 9, 1994, an agreed judgment was entered decreeing that, out of $32,920 in cash seized at the time of Ramirez's arrest, $23,238.70 was forfeited to the State of Texas as contraband used or intended for use in illegally financing or investing in the purchase of cocaine in violation of TEX.HEALTH & SAFETY CODE ANN. § 481.126 (Vernon Supp.1995). The remainder was to be returned to the several respondents, including $3,227.10 to Ramirez.[2] He then filed his petition for writ of habeas corpus, asserting his double jeopardy claim based on that agreed judgment. The trial court denied his petition.

██ The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *Johnson v. State,* 882 S.W.2d 17, 18 (Tex.App.—Houston [1st Dist.] 1994, pet. granted); *Fant v. State,* 881 S.W.2d 830, 832 (Tex.App.—Houston [14th Dist.] 1994, pet. granted). In this case, Ramirez claims protection from the last of these three abuses.

### Requirements for Forfeiture

Article 59.02 of the Code of Criminal Procedure provides that "[p]roperty that is contraband is subject to seizure and forfeiture under this chapter." TEX.CODE CRIM.PROC. ANN. art. 59.02 (Vernon Supp.1996). "Contraband" is defined as "property of any nature, including real, personal, tangible, or intangible" that is (1) used in the commission of a first or second degree felony; or (2) used or intended to be used in the commission of felonies under Chapters 481 or 483 of the Health and Safety Code (Vernon Supp.1995) or TEX.REV.CIV.STAT.ANN. art. 350 (Vernon 1995); or (3) the proceeds gained from the commission of one of the enumerated felonies; or (4) acquired with the proceeds gained from the commission of one of the

enumerated felonies. TEX.CODE CRIM.PROC. ANN. art. 59.01(2) (Vernon Supp.1995). The "offense" under this article is owning or holding an interest in contraband; the punishment is that the contraband may be seized.

### Standard of Review

██ The trial court's ruling in a habeas corpus proceeding should not be overturned absent a clear abuse of discretion. *Ex parte Shutter,* 868 S.W.2d 383, 387 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). It is the appellant's burden to show himself entitled to the relief he seeks. *Hoang v. State,* 810 S.W.2d 6, 8 (Tex.App.—Dallas 1991), *aff'd,* 872 S.W.2d 694 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 177, 130 L.Ed.2d 112 (1994).

### Evidence

██ To justify habeas corpus relief, Ramirez must first show that he was punished by the civil forfeiture. The agreed forfeiture judgment recites:

> IT IS ORDERED, ADJUDGED and DECREED, that $23,238.70 U.S. CURRENCY *is contraband used or intended to [be] used to finance or invest in the purchase of cocaine in violation of the Texas Health and Safety Code.*

> IT IS ORDERED, ADJUDGED and DECREED, that $23,238.70 U.S. CURRENCY plus any & all accrued interest is forfeited to the State of Texas and it[s] local representative the Fort Bend County District Attorney's Office in accordance with the effective local agreement.

(Emphasis added.) It is clear that the forfeiture was intended to punish illegal investment in the purchase of cocaine, and that the indictment in trial court cause no. 24,830A was also intended to punish illegal investment in the purchase of cocaine. What is not clear, however, is whether Ramirez was punished by the forfeiture of this money. The record includes neither the civil complaint filed by the State nor his answer. The ab-

---

**2.** Cause no. 83,271, in the 240th District Court of Fort Bend County, styled *State of Texas v. $32,-*

*920.00 in U.S. Currency.*

sence of that information is fatal to Ramirez's appeal.

The agreed judgment itself does not affirmatively show that Ramirez ever claimed all or part of the $23,238.70 ultimately forfeited. We cannot assume that he did; the state of the record would equally support an assumption that Ramirez never claimed any property other than the $3,227.10 that the judgment recites was, in fact, returned to him.[3] Two other respondents were returned money in the same judgment. It is equally likely to have been theirs as Ramirez's. If Ramirez never claimed the money, then he was not punished by its forfeiture.

On the state of this record, to tie the forfeited property to the illegal investment offense for which Ramirez has been indicted would require impermissible assumptions. Accordingly, we hold that the trial court did not abuse its discretion by denying Ramirez's application for habeas corpus relief.

We overrule Ramirez's sole point of error.

We affirm the trial court's order.

---

3. *See United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994) (where forfeiture proceeding followed guilty plea and incarceration on drug offenses, held: no double jeopardy violation because after receiving notice of forfeiture proceeding, Torres made no claim; did not become a party to the forfeiture; and property was forfeited without trial or opposition; such that forfeiture proceeding never placed Torres in jeopardy); *see also United States v. Walsh,* 873 F.Supp. 334, 336–37 (D.Ariz.1994) and *United States v. Nakamoto,* 876 F.Supp. 235, 236–37 (D.Hawaii 1995) (both following *Torres*).