Richardson-AL v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-179-CR

     ALAN LYNN RICHARDSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 25,177
                                                                                                    

O P I N I O N
                                                                                                    

      Alan Lynn Richardson appeals the denial of his requested postconviction habeas corpus relief. 
By three points of error, Richardson complains the trial court erred in concluding that it did not
have jurisdiction to hear his application, that Richardson's counsel was not ineffective by failing
to file a notice of appeal to preserve his right to a meaningful appeal, and that Richardson is not
entitled to the habeas corpus relief requested—an out-of-time appeal. Because we find the trial
court abused its discretion, we reverse and remand to the trial court to grant the requested relief.
      The State indicted Richardson for possession of a controlled substance. See Tex. Health &
Safety Code Ann. §§ 481.102(3)(D), 481.115(a) (Vernon 1992 & Supp. 1997). After the trial
court denied his pre-trial motion to suppress the controlled substance, Richardson entered a
negotiated plea of no-contest. In accord with the plea bargain, the trial court sentenced him to
eight years' imprisonment, which was probated, and a $500 fine. Richardson then filed a
"general" notice of appeal to this Court. In an unpublished opinion, we dismissed Richardson's
appeal because it did not comply with the requirements of Rule of Appellate Procedure 40(b)(1). 
Tex. R. App. P. 40(b)(1); Richardson v. State, No. 10-94-296-CR (Tex. App.—Waco, delivered
May 3, 1995).
      Thereafter, Richardson applied for a writ of habeas corpus under Article 11.07 of the Texas
Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 1997). 
The trial court denied this application finding that the probated sentence was not a final conviction
within the meaning of Article 11.07. Id. The Court of Criminal Appeals dismissed the application
agreeing that Richardson's conviction was not final.
      Richardson then returned to the trial court and filed an application for writ of habeas corpus
under Article 11.08. Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon 1977). The trial court
denied this application and adopted the memorandum, findings and conclusions submitted by the
State, which included findings that the court lacked jurisdiction under Article 11.08 and that
Richardson's trial counsel was effective. The court's action on this application is now before us.
      In his first point of error, Richardson attacks the trial court's conclusion that it did not have
jurisdiction to hear the application for postconviction habeas corpus. Article 11.07 applies only
after final conviction in a felony case. Ex parte Renier, 734 S.W.2d 349, 351 (Tex. Crim. App.
1987). When community supervision has been granted and not revoked, the conviction cannot be
characterized as final. Id.; Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986); Ex
parte Payne, 618 S.W.2d 380, 381 (Tex. Crim. App. 1981). Because he is on community
supervision, Richardson's remedy is under Article 11.08. Ex parte Renier, 734 S.W.2d at 361
n.14; Ex parte Twyman, 716 S.W.2d at 952. Thus, we find that the trial court had jurisdiction
to consider his application for postconviction habeas corpus relief under Article 11.08.
      The State argues that the trial court did not have jurisdiction to hear the application because
Article 11.08 is intended by its title to apply to situations where an accused is confined after
indictment, yet prior to sentencing. We fail to understand the State's reasoning for this argument,
and its brief provides little guidance.


 Therefore, we sustain Richardson's first point.
      Richardson's second point alleges the trial court erred in concluding that his trial counsel was
not ineffective when counsel failed to file a notice of appeal that would assure him a meaningful
appeal. His third point claims the trial court erred in concluding that he was not entitled to the
requested habeas relief of an out-of-time appeal. The trial court must issue the writ of habeas
corpus before it can hear the merits of the application. Ex parte Brown, 925 S.W.2d 111, 112
(Tex. App.—Amarillo 1996, no pet.); Ex parte Carter, 849 S.W.2d 410, 413 (Tex. App.—San
Antonio 1993, pet. ref'd). A trial court's ruling is appealable only when the trial court issues the
writ, rules upon the merits of the questions presented, and denies the relief sought. Id. Although
the trial court found that it lacked jurisdiction, it entered findings and conclusions addressing the
merits of the application. By doing so the trial court effectively granted the application, thus
invoking our jurisdiction to review the findings and conclusions. Ex parte Hargett, 819 S.W.2d
866, 868-69 (Tex. Crim. App. 1991).
      We possess the ultimate power to decide matters of fact in habeas proceedings. Ex parte
Brandley, 781 S.W.2d 886, 887-88 (Tex. Crim. App. 1989). However, we generally accept the
trial court's findings if they are supported by the record. Id. Moreover, the trial court's ruling
in a habeas corpus proceeding should not be overturned absent a clear abuse of discretion. 
Ramirez v. State, 916 S.W.2d 32, 33 (Tex. App.—Houston [1st Dist.] 1995, no pet.). The
applicant must show his entitlement to the relief sought. Id.
      When state law authorizes an appeal, a criminal defendant is entitled to the effective assistance
of counsel throughout the appeals process. Evitts v. Lucey, 469 U.S. 387, 396-99 (1985); Ex parte
Ridgeway, 438 S.W.2d 804, 805 (Tex. Crim. App. 1969); Shead v. State, 711 S.W.2d 345, 346-47 (Tex. App.—Dallas 1986), appeal after remand, 746 S.W.2d 19 (Tex. App.—Dallas 1988, pet.
ref'd). An attorney is required to do all that is necessary to insure that a criminal defendant
receives effective assistance of counsel on appeal. Shead, 711 S.W.2d at 347. We agree with
Richardson that his counsel's failure to file a notice of appeal that complied with Texas Rules of
Appellate Procedure deprived him of his right to the effective assistance of counsel on appeal. 
This failure resulted in the loss of a meaningful appeal of his conviction. Richardson's appropriate
remedy is the granting of postconviction habeas corpus relief directing an out-of-time appeal. See
Charles v. State, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.). We sustain
Richardson's second and third points.
      We reverse and remand so that the trial court may render appropriate relief consistent with
this opinion when our mandate issues.
 
 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed March 19, 1997.
Do not publish