IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00028-CV

 

Sanger School Foundation, Inc.,

                                                                                    Appellant

 v.

 

City of Waco, Texas,

                                                                                    Appellee

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2008-3927-3

 



ORDER










 

            By order dated April 14, 2010, this
Court referred the above-referenced matter to mediation.  The City of Waco
filed an objection to the referral to mediation on April 20, 2010.  The Court
requests a response from the Sanger School Foundation, Inc. to the City of
Waco’s objection.

            So that the mediation may have the
greatest likelihood of success, the Court specifically requests that the
Foundation address the following issues raised by the City in its objections,
as well as any other issues the Foundation desires to address:

 


 How can the City of Waco be assured that the
 Foundation is being represented by a person with the authority to resolve
 the dispute?


 


 Whether the attorney that has been
 representing the Foundation in these proceedings, specifically Lanelle
 McNamara, who is also the secretary and a director of the Foundation, is
 the appropriate representative for the Foundation at the mediation?


 

            With regard to question
one, the Court noted in the referral order that before this matter was
appealed, a question had been raised regarding the authority of the attorney,
specifically Lanelle McNamara, to represent the Foundation.  The Court inquires
whether it would be possible for the attorneys representing the Foundation, or
the representative of the Foundation that appears at the mediation, to be in a
position to present to the mediator a fully approved resolution of the Board of
the Foundation evidencing the designation of a Foundation representative, as
well as, or in addition to, the designation of an attorney to represent the
Foundation at the mediation.

            With regard to question two, the Court
notes that a request was previously made regarding Susan Johnston’s participation
in the appellate process, noting that Johnston was at that time out of the
state and her participation in the response was necessary and, thus, the
deadline for the response needed to be extended.

            Additionally, the Court is considering
modification of the standard mediation order regarding the required attendance
at the mediation of representatives of corporate parties with authority to bind
the corporation, both the Foundation and the City of Waco.  Specifically, the
Court is evaluating whether meaningful mediation could occur if the mediation
is attended only by the attorneys representing the respective corporate
entities with the requirement that the representatives of the corporate entity
with authority to negotiate on behalf of the corporate entity be available by
telephone.  Additionally, the Court is considering modification of the standard
mediation order by requiring only that the designated representative available
by telephone be a representative in a position to recommend adoption of a
settlement agreement by the members of the governing structure of the corporate
entity.  Accordingly, the Court requests a response from both parties regarding
the potential for modification of the mediation order in this regard.

            Further, to alleviate the City’s
expressed concern regarding security, the Court will make every effort to
accommodate the parties on a date when the Grand Jury Room and the Tenth Court
of Appeals Courtroom would be available in which to conduct the mediation
process so that the parties would have the benefit of being screened through
security upon entry into the McLennan County Courthouse.  This issue should
likewise be addressed by both parties in their response.  

            Finally, if the appointed mediator has
any observations or concerns he wishes to express or have considered in a
further order regarding mediation of this proceeding, the Court would be open to
a response from the mediator.

            All responses requested herein are due
on or before seven days after the date of this order.

            The mediation timetable is hereby
suspended until further order of the Court.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Response
requested

Order
issued and filed April 28, 2010






error, Richardson attacks the trial court's conclusion that it did not have
jurisdiction to hear the application for postconviction habeas corpus. Article 11.07 applies only
after final conviction in a felony case. Ex parte Renier, 734 S.W.2d 349, 351 (Tex. Crim. App.
1987). When community supervision has been granted and not revoked, the conviction cannot be
characterized as final. Id.; Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986); Ex
parte Payne, 618 S.W.2d 380, 381 (Tex. Crim. App. 1981). Because he is on community
supervision, Richardson's remedy is under Article 11.08. Ex parte Renier, 734 S.W.2d at 361
n.14; Ex parte Twyman, 716 S.W.2d at 952. Thus, we find that the trial court had jurisdiction
to consider his application for postconviction habeas corpus relief under Article 11.08.
      The State argues that the trial court did not have jurisdiction to hear the application because
Article 11.08 is intended by its title to apply to situations where an accused is confined after
indictment, yet prior to sentencing. We fail to understand the State's reasoning for this argument,
and its brief provides little guidance.


 Therefore, we sustain Richardson's first point.
      Richardson's second point alleges the trial court erred in concluding that his trial counsel was
not ineffective when counsel failed to file a notice of appeal that would assure him a meaningful
appeal. His third point claims the trial court erred in concluding that he was not entitled to the
requested habeas relief of an out-of-time appeal. The trial court must issue the writ of habeas
corpus before it can hear the merits of the application. Ex parte Brown, 925 S.W.2d 111, 112
(Tex. App.—Amarillo 1996, no pet.); Ex parte Carter, 849 S.W.2d 410, 413 (Tex. App.—San
Antonio 1993, pet. ref'd). A trial court's ruling is appealable only when the trial court issues the
writ, rules upon the merits of the questions presented, and denies the relief sought. Id. Although
the trial court found that it lacked jurisdiction, it entered findings and conclusions addressing the
merits of the application. By doing so the trial court effectively granted the application, thus
invoking our jurisdiction to review the findings and conclusions. Ex parte Hargett, 819 S.W.2d
866, 868-69 (Tex. Crim. App. 1991).
      We possess the ultimate power to decide matters of fact in habeas proceedings. Ex parte
Brandley, 781 S.W.2d 886, 887-88 (Tex. Crim. App. 1989). However, we generally accept the
trial court's findings if they are supported by the record. Id. Moreover, the trial court's ruling
in a habeas corpus proceeding should not be overturned absent a clear abuse of discretion. 
Ramirez v. State, 916 S.W.2d 32, 33 (Tex. App.—Houston [1st Dist.] 1995, no pet.). The
applicant must show his entitlement to the relief sought. Id.
      When state law authorizes an appeal, a criminal defendant is entitled to the effective assistance
of counsel throughout the appeals process. Evitts v. Lucey, 469 U.S. 387, 396-99 (1985); Ex parte
Ridgeway, 438 S.W.2d 804, 805 (Tex. Crim. App. 1969); Shead v. State, 711 S.W.2d 345, 346-47 (Tex. App.—Dallas 1986), appeal after remand, 746 S.W.2d 19 (Tex. App.—Dallas 1988, pet.
ref'd). An attorney is required to do all that is necessary to insure that a criminal defendant
receives effective assistance of counsel on appeal. Shead, 711 S.W.2d at 347. We agree with
Richardson that his counsel's failure to file a notice of appeal that complied with Texas Rules of
Appellate Procedure deprived him of his right to the effective assistance of counsel on appeal. 
This failure resulted in the loss of a meaningful appeal of his conviction. Richardson's appropriate
remedy is the granting of postconviction habeas corpus relief directing an out-of-time appeal. See
Charles v. State, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.). We sustain
Richardson's second and third points.
      We reverse and remand so that the trial court may render appropriate relief consistent with
this opinion when our mandate issues.
 
 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed March 19, 1997.
Do not publish